UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND; TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND; THE NEW YORK
CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION; and
NEW YORK CITY DISTRICT COUNCIL
CARPENTERS,

                Plaintiffs,

-v-

METROPOLITAN FINE MILLWORK CORP.,

                Defendant.

------------------------------------------------------------------------X

14 Civ. 2509 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/15

PAUL A. ENGELMAYER, District Judge:

       This case arises out of a collective bargaining agreement. Plaintiffs are the Trustees of the New York City District Council of Carpenters Pension Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds"), the Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"; together with the ERISA Funds, the "Funds"), the New York City and Vicinity Carpenters Labor-Management Corp. (the "not-for-profit corporation"), and the New York City District Council Carpenters (the "Union"). Defendant Metropolitan Fine Millwork Corp. ("Metropolitan") is an employer who is a signatory of the collective bargaining agreement with the Union.

In this action, plaintiffs seek—under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; Section 502(e)(1) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1); and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9—to confirm an arbitration award in their favor.  Plaintiffs now move for summary judgment.  Metropolitan, despite being properly served, has not appeared.  For the reasons that follow, the Court, based on its review of plaintiffs' submissions, grants both that motion and plaintiffs' motion for attorneys' fees and costs incurred in bringing this action.

## I.    Background[1]

### A.    The Collective Bargaining Agreements

Metropolitan is a signatory to a collective bargaining agreement (the "UBC CBA") with the United Brotherhood of Carpenters and Joiners of America.  *See* Epstein Decl., Ex. A; *id.*, Ex. B.  Under the UBC CBA and the collective bargaining agreement between the Union and the Association of Wall-Ceiling & Carpentry Industries of New York, Inc. (the "Local CBA"), Metropolitan was required to pay certain contributions to funds, including the Funds in this case, on behalf of all covered employees.  *Id.*, Ex. B, at 2; *id.*, Ex. C, at 41.  To assure that the requisite payments were made, the Local CBA required Metropolitan to make available to plaintiffs its books and payroll records, including cash disbursement records, so as to enable an audit.  *Id.*, Ex. C, at 41–42.

Under the UBC CBA, "[a]ny dispute relating to [the UBC CBA] may be prosecuted in accordance with the grievance/arbitration procedure of the member's home area local union

---

[1] The Court's account of the underlying facts of this case is drawn from plaintiffs' submissions in support of the instant motion—specifically, the Declaration of Richard B. Epstein ("Epstein Decl."), Dkt. 18, and attached exhibits, and Plaintiffs' Rule 56.1 Statement of Material Facts ("Pl. 56.1"), Dkt. 19.  Citations to plaintiffs' 56.1 Statement incorporate by reference the documents cited therein.

Master Labor Agreement, or the work area local union Master Labor Agreement, and [Metropolitan] agrees to be bound by those procedures." *Id.*, Ex. B, at 4. The Local CBA, in turn, provides for a permanent contract arbitrator to conduct a hearing and render a decision based on the testimony before the arbitrator at such a hearing. *Id.*, Ex. C, at 38.

As to confirming the arbitral award, the Local CBA provides that:

> The decision of the arbitrator shall be final and binding upon both parties and may be entered as a final decree or judgment in the Supreme Court of the State of New York or in a court of appropriate jurisdiction in any state where such decision shall be rendered.

*Id.* at 38–39.

### B.     The Arbitration Proceeding and Decision

Between July 3, 2007 and January 31, 2014, Metropolitan failed to permit the Funds' auditors to examine Metropolitan's books and records. Pl. 56.1 ¶ 5. On November 18, 2013, plaintiffs submitted the dispute to arbitration before Roger Maher, a permanent contract arbitrator designated by the Local CBA. *Id.* ¶¶ 12–13; Epstein Decl., Ex. D, at 1.

On January 24, 2014, Maher presided over a hearing. *Id.* Plaintiffs' counsel appeared, but Metropolitan failed to appear. *Id.* Metropolitan also did not request an adjournment or extension of time to appear. *Id.* at 2. At the hearing, plaintiffs sought an award, which would direct Metropolitan to produce, for an audit, any and all requested books and records from the period between July 3, 2007 and January 31, 2014. *Id.*

On January 31, 2014, Maher issued an opinion and default award. *Id.* Maher found that Metropolitan had failed to comply with the Local CBA's requirement that Metropolitan furnish its books and records for an audit. Maher directed Metropolitan to produce forthwith the requested materials. *Id.* at 4. Maher also directed Metropolitan to pay plaintiffs $2,400 in attorneys' fees and costs incurred from the arbitration proceeding. *Id.*

### C. This Lawsuit

On April 9, 2014, after Metropolitan had failed to comply with the arbitral award, plaintiffs filed this action. Pl. 56.1 ¶ 15; Dkt. 2. On April 11, 2014, plaintiffs served the Summons and Complaint on Metropolitan, and on May 7, 2014, they filed proof of personal service via hand delivery. Dkt. 3. On October 31, 2014, the Court set a briefing schedule for plaintiffs' motion for summary judgment to confirm the arbitral award. Dkt. 14. On December 1, 2014, plaintiffs filed their motion and supporting materials. Dkt. 17–20. Metropolitan, despite having been served, did not make any submission in response to the summary judgment motion.

## II. Discussion

### A. Unopposed Summary Judgment Standard

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008); *see also Celotex Corp v. Catrett*, 477 U.S 317, 323 (1986).

To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and

4

draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137) (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . .").

**B.    The Arbitration Award**

Plaintiffs seek confirmation of the arbitration award.  The FAA provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted).  But "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St*, 552 U.S. 576.  Rather, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and

expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review." *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK) (AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (internal quotation marks and citation omitted) (collecting recent Second Circuit cases). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-J Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted).

It is not, however, appropriate for an arbitration award to be confirmed solely on the basis of the losing party's default. As the Second Circuit has held, the default judgment procedure set by Federal Rule of Civil Procedure 55 "does not operate well in the context of a motion to confirm or vacate an arbitration award." *D.H. Blair*, 462 F.3d at 107. "While Rule 55 is meant to apply to situations in which only a complaint has been filed 'and the court thus has only allegations and no evidence before it,' 'a motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *3 (S.D.N.Y. Oct. 27, 2011) (alteration in original) (quoting *D.H. Blair*, 462 F.3d at 109).

Accordingly, where there has been an unanswered petition to confirm or vacate an arbitral award, a district court is to treat that petition as "an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110. On an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*."

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). The Court therefore treats plaintiffs' motion as one for summary judgment under Rule 56, rather than for default judgment under Rule 55.

Based on its review of the arbitral awards and petitioners' submissions, and having undertaken the limited review that is appropriate here, the Court finds that plaintiffs have shown that there is no material issue of fact for trial. The arbitrator, Maher, acted within the scope of the authority granted him by the parties. *See* Epstein Decl., Ex. C, at 38. And there was at least, and by all indications far more than, a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the arbitral award in favor of plaintiffs.

### C.   Attorneys' Fees

Plaintiffs also seek attorneys' fees in the amount of $1,982, and costs in the amount of $467.50, both incurred in the course of bringing this action. Epstein Decl. ¶¶ 25–26. There is legal authority for such a request. The CBA provides that, "[u]pon the confirmation of the arbitrator's award, . . . the prevailing party shall be entitled to receive all court costs in each proceeding as well as reasonable attorneys['] fees." *Id.*, Ex. C, at 39. ERISA, too, provides that

reasonable attorneys' fees are to be paid by the defendant.  *See* 29 U.S.C. § 1132(g)(2).  And the Second Circuit has held that "[i]n actions for the confirmation and enforcement of arbitral awards, a court may award attorneys' fees if the party challenging the award has refused to abide by an arbitrator's decision without justification."  *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Emps.*, 118 F.3d 892, 898 (2d Cir. 1997) (internal quotation marks omitted); *see also Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.") (quoting *Abondolo v. H. &. M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)).

Here, Metropolitan, in violation of the UBC CBA and Local CBA, failed to produce the requested books and records for an audit.  It also failed to abide by the arbitral award and to respond to plaintiffs' motion for summary judgment to confirm that award.  The Court therefore finds it appropriate to award plaintiffs reasonable attorneys' fees and costs incurred in pursuing this action.

In support of their request for fees and costs, plaintiffs submitted an invoice, listing the completed tasks, attorneys' hourly rates, and billed hours.  Epstein Decl., Ex. G.  In total, plaintiffs incurred 10.3 hours of legal work, completed by two associates at a rate of $225 per hour and two paralegals at a rate of $100 per hour.  *Id.*; Epstein Decl. ¶¶ 21–25.  The Court finds the requested attorneys' fees reasonable and in line with other attorneys' fees awarded in similar actions in this District.  *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2013

WL 6498165, at *7 (collecting cases). The Court therefore awards plaintiffs $2,449.50 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court grants plaintiffs' unopposed motion for summary judgment. The arbitral award is confirmed, and judgment is awarded in the amount of $2,400, together with attorneys' fees and costs in the amount of $2,449.50. Metropolitan is also directed to produce to plaintiffs forthwith all requested books and records, so as to permit an audit covering the period between July 3, 2007 and January 31, 2014.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 17 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: May 12, 2015
      New York, New York